IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF FLORIDA
PENSACOLA DIVISION

**WILLIAM A. MADISON,**

        **Defendant-Appellant,**

**CASE NO.  3:03-cr-139-RV**

vs.

**UNITED STATES OF AMERICA**

        **Plaintiff-Appellee**

_____/

### ORDER

Pending is defendant's appeal from the magistrate's imposition of sentence. (Doc. 6).

On November 18, 2003, the defendant William A. Madison was sentenced by a Magistrate Judge to twelve months imprisonment for stealing government property having a value of less than $1,000.  Following judgment of sentence, the defendant's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and United States v. Blackwell, 767 F.2d. 1486 (11th Cir. 1985), asserting that he could not in good faith raise any arguments on appeal, and moving to withdraw.[1]

On April 19, 2003, the defendant was caught shoplifting at the Navy Exchange, Corry Mall, a part of Naval Air Station Pensacola, Florida.   The defendant attempted

---

[1] Due to an error in the clerk's office, this appeal was not referred to me until twelve months after it was filed.  Accordingly, the defendant is no longer incarcerated, and the appeal is moot.  However, the defendant is entitled to a decision.

to steal approximately $260 worth of clothing and shoes by slipping the items into two plastic bags and leaving the store without paying for them. On August 22, 2003, the defendant pled guilty to one count of stealing government property in violation of Title 18, United States Code, Section 641.

On November 18, 2003, at the sentencing, the magistrate court took testimony and heard argument. The Presentence Investigation Report revealed that the defendant scored out, based on a total offense level of 4 and a criminal history category of III, to a sentencing guideline imprisonment range of 0 to 6 months. However, the magistrate judge invoked an upward departure based on the Sentencing Reform Act of 1984, citing the defendant's lengthy criminal history for theft and related crimes, including several convictions for theft of government property, that were substantially similar to the crime charged. The magistrate judge noted that several of these convictions were not included within the guideline range calculation because they occurred more than ten years prior to the defendant's recent arrest, but if they had been scored, the defendant would have scored the maximum category of VI under the criminal history, resulting in an imprisonment range of 6 to 12 months. The statutory maximum for the crime was twelve months, and the magistrate court determined, in light of defendant's extensive criminal history for very similar crimes, that twelve months incarceration was appropriate.

In determining whether appointed court's motion to withdraw should be granted, this court should review the full record to determine whether the case is frivolous. Anders, supra, 386 U.S. at 744, 87 S. Ct. 1396. If it finds "any of the legal points arguable on their merits . . . it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal." Id. See also Blackwell, supra, 767 at 1488.

The defendant appeals the magistrate judge's upward departure of his sentence based on his past criminal history which was not included in the guideline range.

Case No.: 3:03-cr-139/RV

However, as defense counsel points out, a court may invoke an upward departure based on a defendant's past criminal history, especially, where as here, the defendant's previous crimes are similar to the crime for which the defendant is being sentenced. See United States v. Jones, 2005 WL 2219058 (11th Cir. 2005)(upholding upward departure where "criminal history category significantly under-represented the seriousness of the defendant's criminal history and/or the likelihood that the defendant will commit further crimes."); United States v. Thomas, 6 F.3d 960, 963 (2d Cir. 1993); United States v. Brown, 899 F.2d 94 (1st Cir. 1990)(holding that a criminal history which is "manifestly under represented by the guideline computation, is sufficiently 'unusual' circumstances upon which to ground a departure."); United States v. Christoph, 904 F.2d 1036, 1038 (6th Cir. 1990)(upward departure from category VI permissible where defendant had a long criminal history mostly involving credit card fraud).  The magistrate judge correctly applied the law and the sentencing guidelines to the facts of this case.  There is no error.

Accordingly, the defendant's appeal is without merit, and his counsel's motion to withdraw is GRANTED.  The defendant is not entitled to appointment of substitute counsel for an appeal.  Therefore, the sentence is AFFIRMED.

DONE and ORDERED this 4th day of October, 2005.

*/s/ Roger Vinson*
**ROGER VINSON**
**Senior United States District Judge**

Case No.: 3:03-cr-139/RV